UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARTHUR L. BROWN,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF CAPTAIN DAVIS**

17 CV 8360 (LTS) (GWG)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendant Captain Davis, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        IN RESPONSE TO SECTION "I" OF THE COMPLAINT

        1. Denies the allegations set forth in section "I"[1] of the Complaint on pages 2 and 3.

        IN RESPONSE TO SECTION "II" OF THE COMPLAINT

        2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "II" of the Complaint on page 2.

        IN RESPONSE TO SECTION "III" OF THE COMPLAINT

        3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "III" of the Complaint on page 2, except denies that plaintiff is unlawfully detained by the state.

---

[1] For the Court's convenience, defendant has labeled each page of plaintiff's Complaint on the bottom right corner with page numbers "1" through at most "14," and also added the label, "Section I, Legal Basis for Claim, Continued" on page 3 of plaintiff's Complaint to indicate the allegations to which defendant is responding. Additionally, defendant labeled section V with subparts, "A" through "D," as well as individual paragraphs labeled "1" through at most "15."

IN RESPONSE TO SECTION "IV" OF THE COMPLAINT

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "IV" of the Complaint on pages 4 and 5, except admits that plaintiff purports to proceed as stated herein.

IN RESPONSE TO SECTION "V" OF THE COMPLAINT

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "V," subpart "A" of the Complaint on page 6.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "V," subpart "B" of the Complaint on page 6.

7. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "1," on page 6.

8. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "2," on page 7.

9. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "3," on page 7.

10. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "4," on page 7.

11. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "5," on page 7.

12. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "6," on page 7.

13. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "7," on pages 7 and 8.

- 3 -

14. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "8," on page 8.

15. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "9," on page 8.

16. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "10," on page 8.

17. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "11," on page 8.

18. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "12," on page 8.

19. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "13," on page 8.

20. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "14," on page 9.

21. Denies the allegations set forth in section "V," subpart "C" of the Complaint labeled paragraph "15," on page 9.

22. Denies the allegations set forth in section "V," subpart "D" of the Complaint on page 10.

IN RESPONSE TO SECTION "VI" OF THE COMPLAINT

23. Denies the allegations set forth in section "VI" of the Complaint on page 10, except admits that plaintiff purports to seek the relief stated therein.

IN RESPONSE TO SECTION "VII" OF THE COMPLAINT

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in section "VII" of the complaint on page 11.

**AS FOR A FIRST AFFIRMATIVE DEFENSE**:

25. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND AFFIRMATIVE DEFENSE:**

26. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of a third party and was not the proximate result of any acts of the defendants.

**AS FOR A THIRD AFFIRMATIVE DEFENSE:**

27. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any act of Congress providing for the protection of Civil Rights.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE:**

28. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE:**

29. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS FOR A SIXTH AFFIRMATIVE DEFENSE:**

30. Plaintiff's action is barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE:**

31. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

32. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS FOR A NINTH AFFIRMATIVE DEFENSE:**

33. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**AS FOR A TENTH AFFIRMATIVE DEFENSE:**

34. Plaintiff provoked any incident.

**AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

35. Plaintiff may have failed to mitigate damages.

**AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

36. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

**AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

37. Defendant Captain Davis has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

**AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

38. At all times relevant to the acts alleged in the Complaint, defendant Captain Davis acted reasonably and properly in the lawful exercise of its discretion and/or judgmental functions/decisions. Therefore, the Defendant Captain Davis is entitled to governmental immunity from liability on plaintiff's state law claims.

**AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

39. Plaintiff failed to comply, in whole or in part, with all conditions precedent to suit.

**AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

40. Defendant Captain Davis had no personal involvement in the alleged incident.

**AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:**

41. Some or all of plaintiff's claims may be barred by his failure to exhaust his administrative remedies under the Prison Litigation Reform Act.

**WHEREFORE,** defendant Captain Davis requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          May 25, 2018

>                          ZACHARY W. CARTER
>                          Corporation Counsel of the
>                          City of New York
>                          Attorney for Defendant
>                          100 Church Street
>                          New York, New York 10007
>                          (212) 356-2424
>
>
>                          By:         /s/
>                                Adria Bonillas
>                                Assistant Corporation Counsel

cc: **BY FIRST CLASS MAIL**
    Arthur Lamar Brown, *Plaintiff Pro Se*
    113-17-00016
    Manhattan Detention Complex
    125 White Street
    New York, NY 10013